# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| W. KOROL SELLEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-755 |
| | ) | |
| AUTHORHOUSE, LLC, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

For the reasons that follow, Defendant's Motion to Compel Arbitration (**Doc. 10**) will be denied.

## I. MEMORANDUM

### BACKGROUND AND PROCEDURAL HISTORY

W. Korol Selley ("Plaintiff") entered into an Author Services Agreement ("2005 Agreement") with Authorhouse, LLC ("Defendant") in August of 2005, for the publication and distribution of two books by Plaintiff. Def.'s Br. in Support (Doc. 11) at Ex. 1. That 2005 Agreement contained an arbitration clause. Id. In 2012, Plaintiff brought suit against Defendant for breach of the 2005 Agreement. ECF No. 2:12-cv-01894 (W.D. Pa. 2012). In August of 2013, both parties signed a Mutual Release and Settlement Agreement ("Settlement Agreement"), resolving that dispute. (Doc. 17). Through the Settlement Agreement, the parties agreed that their rights and obligations pursuant to the 2005 Agreement – or any other contract – were terminated; Defendant would cease and desist in selling Plaintiff's books within 30 days; any breach of the Settlement Agreement could be resolved by the United States District Court of Pennsylvania or the Common Pleas Court of Allegheny County; and that the Settlement Agreement "represents the entire agreement between the Parties and fully supersedes any and all

prior agreements or understandings between the Parties pertaining to the subject matter of the [Settlement Agreement]." Id.

Plaintiff filed the instant claim in June of 2014, alleging that Defendant continues to publish and sell her books through its website in violation of the Settlement Agreement and copyright law. Compl. (Doc. 1) at ¶¶ 31-32, 54-81. Defendant filed a Motion to Compel Arbitration, arguing that Plaintiff is obligated to settle this dispute in accordance with the arbitration clause contained in the 2005 Agreement. Def.'s Mot. Plaintiff maintains that the 2005 Agreement is no longer valid, and she is authorized to bring this suit before the Court pursuant to the Settlement Agreement and the law of copyright. Pl.'s Resp.

## **ANALYSIS**

Before compelling arbitration pursuant to the Federal Arbitration Act ("FAA"), a court must determine that: "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009). While the FAA reflects a "strong federal policy in favor of the resolution of disputes through arbitration," this presumption "does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." Id. (internal citations omitted).

When determining whether a valid agreement to arbitrate exists, a court looks to the "ordinary state-law principles that govern the formation of contracts." Id. (internal citations omitted). In Pennsylvania, "in order to cancel the arbitration provision of the original contract, the settlement agreement must expressly cancel or otherwise nullify that Agreement, arbitration provision or original Contract between the two parties." Here, the Settlement Agreement expressly supersedes the 2005 Agreement. Settlement Agreement at ¶ 18. The Settlement

Agreement, notably, does not compel arbitration, but rather authorizes suit in the United States District Court of Pennsylvania. Id. at ¶ 13. As such, the 2005 Agreement's arbitration provision is no longer valid, and Plaintiff is not obligated to engage in arbitration pursuant the Settlement Agreement, the superseding contract. Moreover, Plaintiff has alleged a breach of the Settlement Agreement, not the 2005 Agreement. As such, the arbitration provision (and any alleged survival provision) of the 2005 Agreement simply would not apply.

In sum, Defendant's Motion to Compel Arbitration will be denied.

## II. ORDER

For the reasons stated above, Defendant's Motion to Compel Arbitration (**Doc. 10**) is **DENIED**.

IT IS SO ORDERED.


March 18, 2015                            s\Cathy Bissoon
                                                       Cathy Bissoon
                                                        United States District Judge


cc (via ECF email notification):

All Counsel of Record